1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JORGE ESTRADA MARTINEZ,** ) | **NO. 2:16-cv-05733-CAS-KS** |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **ORDER: DISMISSING PETITION FOR** |
| ) | **WRIT OF HABEAS CORPUS WITHOUT** |
| ) | **PREJUDICE; AND DENYING** |
| **D. ASUNSION,** ) | **CERTIFICATE OF APPEALABILITY** |
| ) | |
| **Respondent.** ) | |

On July 24, 2016, Jorge Estrada Martinez ("Petitioner"), a California state prisoner proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody (the "Petition") under 28 U.S.C. § 2254.[1]  (Dkt. No. 1.)

Petitioner challenges a 2008 state court conviction – and accompanying sentence of life without parole – for first degree murder, robbery and firearms enhancement under California Penal Code ("Penal Code") §§ 187, 211, 664, 190.2(a)(17), 12022.53(a)(1), 12022.53(b)(c).  (Petition at 2.)  However, as Petitioner acknowledges, this Court denied a

---

[1]      Under the "mailbox rule," a pleading filed by a *pro se* prisoner is deemed filed as of the date the prisoner delivers it to prison authorities for mailing, not the date on which the pleading is received by the court.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1291 (9th Cir. 2003).

1

prior habeas petition challenging the same conviction in 2011.  (*See* Petition at 7); *see also Martinez v. Clark*, No. CV 10-2694-CAS (RZ), 2011 U.S. Dist. LEXIS 31965 (C.D. Cal., Mar. 25, 2011) (accepting Report and Recommendation of Magistrate Judge at 2011 U.S. Dist. LEXIS 31956 (C.D. Cal. Feb. 18, 2011) ("2011 Report and Recommendation")).

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition without ordering a responsive pleading where "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Habeas Rule 4.  For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

Petitioner appealed his 2008 conviction in the California Court of Appeal, which modified his sentence, but otherwise affirmed his conviction in an unpublished decision dated June 23, 2009.  (2011 Report and Recommendation at 2.)  The California Supreme Court denied review on September 9, 2009.  *Id.*  On April 14, 2010, Petitioner filed a Petition For Writ Of Habeas Corpus ("2010 Petition") pursuant to 28 U.S.C. § 2254 in the United States District Court for the Central District of California.  *Id*.  On March 25, 2011, United States District Christina A. Snyder dismissed the 2010 Petition with prejudice on the grounds that the petition failed to present a cognizable claim for relief and denied a Certificate of Appealability.  (*See* No. CV 10-2694-CAS (RZ), Dkt. Nos. 20, 21.)

The instant Petition, like Petitioner's 2010 Petition, concerns Petitioner's 2008 conviction.  For the following reasons, the Court lacks jurisdiction to consider the Petition.

//

//

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009); *see also Gage v. Chappell*, 793 F.3d 1159, 1165 (9th Cir. 2015) (claims for which the factual predicate existed at the time of the first habeas petition qualify as second or successive) (citations omitted).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must first obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." *Burton v. Stewart*, 549 U.S. 147, 153 (2007).

In his 2010 Petition, Petitioner sought Section 2254 relief based on the same state conviction that is at issue here. This Court dismissed the 2010 Petition with prejudice for failing to state a cognizable claim. Accordingly, the current Petition is second or successive within the meaning of Section 2244(b). However, Petitioner has not obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claims alleged in the instant Petition. Therefore, this Court lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also Burton*, 549 U.S. at 157 (district court lacks

jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court).

Consequently, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice. If Petitioner receives leave from the Ninth Circuit to raise his claims in a second or successive Section 2254 petition in this Court, he may file a habeas petition at that time.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2*)*; *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).[2] The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

DATED: August 5, 2016

_____
CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Karen L. Stevenson
United States Magistrate Judge

---

[2] "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

4